1
2
3
4
5
6
7

8            **UNITED STATES DISTRICT COURT**

9           **CENTRAL DISTRICT OF CALIFORNIA**

10

11 DIANA RODRIGUEZ, *et al.*,          )    Case No. SA CV 09-1149 JST (JCG)
                                        )
12              Plaintiffs,             )    MEMORANDUM AND ORDER
                                        )    DISMISSING CIVIL RIGHTS ACTION
13      v.                              )    WITH LEAVE TO FILE AN AMENDED
                                        )    COMPLAINT, IF ANY, WITHIN
14 CALIFORNIA ATTORNEY                  )    THIRTY DAYS
   GENERAL'S OFFICE, *et al.*,          )
15                                      )
               Defendants.             )
16                                      )
                                        )
17 _____ )

18                    **I.**

19              **PROCEEDINGS**

20         On October 30, 2009, plaintiffs Diana and Floyd Rodriguez (collectively,

21 "Plaintiffs") filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983

22 ("Complaint").  The Complaint names two State agencies as defendants:  the California

23 Attorney General's Office and the California Department of Justice (collectively,

24 "Defendants").[1]

25         Plaintiffs' claims arise out of an incident on October 6, 2001, more than eight

26 years ago, when agents from the Department of Justice detained Plaintiffs and

27 _____

28      [1]  The Complaint also names 10 doe defendants.

1  confiscated various guns purportedly owned by Plaintiffs.

2  On February 8, 2010, Defendants filed a Motion to Dismiss ("Motion")

3  asserting the following four grounds for dismissal:

4  (1) The Eleventh Amendment bars this action;

5  (2) the claims under 42 U.S.C. § 1983 fail because Defendants are not

6  "person[s]" for purposes of liability;

7  (3) each claim is barred by the applicable statute of limitations; and

8  (4) the state law claims fail because Plaintiffs have failed to allege they are

9  based on a statute.

10  On April 23, 2010, Plaintiffs filed a Response to the Motion ("Response"). On

11  April 30, 2010, Defendants filed a Reply to the Response ("Reply").

12  This matter is now suitable for adjudication without oral argument. For the

13  reasons set forth below, the Court grants the Motion with leave to file an amended

14  complaint, if any, within 30 days.

15  **II.**

16  **SUMMARY OF PLAINTIFFS' ALLEGATIONS**

17  Plaintiffs allege that, on October 6, 2001, they attended a gun show and

18  displayed their collection of guns for show and sale. (Compl. at 2.) During the show,

19  an undercover agent from the Department of Justice approached Plaintiffs with an

20  elderly man requesting to buy a gun for the elderly man's protection. (*Id.*) Plaintiffs

21  refused to sell the weapon, informing them that it was against the law and they needed

22  to purchase the gun according to proper legal procedures. (*Id.*)

23  The agent repeatedly approached Plaintiffs throughout the day, until Plaintiffs

24  finally agreed to sell the gun. (Compl. at 2-3.) At that time, Plaintiffs allege that they

25  were "forcefully rushed" into a van. (*Id.* at 3.) After questioning, their guns were

26  confiscated and they were released without being charged with a crime. (*Id.*)

27  Plaintiffs allege that for the next seven years, they repeatedly contacted the Department

28  of Justice requesting their guns, which were ultimately returned in October 2008. (*Id.*)

2

1    Based upon these factual allegations, Plaintiffs contend that Defendants violated

2  their Second Amendment right to keep and bear arms, Fourteenth Amendment due

3  process rights, and that Defendants' actions constituted entrapment.  (Compl. at 3-5.)

4  Plaintiffs further allege that Defendants defamed Plaintiffs by removing them from the

5  gun show and treating them as "criminals" and that their conduct constituted negligent

6  infliction of emotional distress.  (*Id.* at 5-6.)  Plaintiffs do not specify an alleged

7  defamatory statement.  Plaintiffs claim that they suffered a loss of inventory and

8  income for several years, a one-year disbarment from gun shows, and "public disgrace

9  and humiliation in front of their peers."  (*Id.* at 5-6.)  Plaintiffs seek only monetary

10  relief.  (*Id.* at 7.)

## III.

## LEGAL STANDARDS

13    A Rule 12(b)(1) motion to dismiss tests whether a complaint alleges grounds for

14  federal subject matter jurisdiction.  "Subject-matter jurisdiction" "refers to a tribunal's

15  'power to hear a case,' a matter that 'can never be forfeited or waived.'"  *Union Pac.*

16  *R.R. Co. v. Bhd. of Locomotive Engineers & Trainmen Gen. Comm. of Adjustment,*

17  *Cent. Region*, __ U.S. __, 130 S. Ct. 584, 596 (2009) (citations omitted).  The Court

18  may "hear evidence regarding jurisdiction" and "resolve factual disputes where

19  necessary."  *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009) (citation

20  omitted).  Plaintiffs bear the burden of establishing subject matter jurisdiction.  *See id.*;

21  *Thornhill Pub. Co. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979); *see*

22  *also United States v. Horizon Health Corp.*, 565 F.3d 1195, 1199 (9th Cir. 2009).

23    A Rule 12(b)(6) motion to dismiss tests the formal sufficiency of a statement of

24  claim for relief.  A complaint may be dismissed as a matter of law for failure to state a

25  claim for two reasons:  (1) lack of a cognizable legal theory; or (2) insufficient facts

26  under a cognizable legal theory.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696,

27  699 (9th Cir. 1990).  In determining whether the complaint states a claim on which

28  relief may be granted, its allegations of material fact must be taken as true and

construed in the light most favorable to the plaintiff.  *See Love v. United States*, 915
F.2d 1242, 1245 (9th Cir. 1990) (as amended); *see also Lazy Y Ranch Ltd. v. Behrens*,
546 F.3d 580, 588 (9th Cir. 2008).  However, a plaintiff must provide "more than
labels and conclusions, and a formulaic recitation of the elements of a cause of action
will not do[.]"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "Factual
allegations must be enough to raise a right to relief above the speculative level[.]"  *Id.*
(internal citation omitted).  Thus, a complaint must contain "enough facts to state a
claim to relief that is plausible on its face."  *Id.* at 570.  "A claim has facial plausibility
when the plaintiff pleads [enough] factual content [to] allow[] [a] court to draw the
reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft
v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

## IV.

## DISCUSSION

A.    Plaintiffs' Claims Are Barred by the Eleventh Amendment

Plaintiffs assert six causes of action against two state agencies, alleging
violations of the U.S. Constitution and various state laws.  Each of these claims is
barred by the Eleventh Amendment.

In *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989), the
Supreme Court held that states, state agencies, and state officials sued in their official
capacities are not "persons" subject to civil rights suits under 42 U.S.C. § 1983.  *See*
491 U.S. at 64-66, 70-71.  Further, the Eleventh Amendment bars federal jurisdiction
over suits by individuals against a State and its instrumentalities, unless either the State
consents to waive its sovereign immunity or Congress abrogates it.  *Pennhurst State
Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984).  To overcome this Eleventh
Amendment bar, the State's consent or Congress' intent must be "unequivocally
expressed."  *Id.* at 99.

While California has consented to be sued in its own courts pursuant to the
California Tort Claims Act, such consent does not constitute consent to suit in *federal*

1  court.  *See BV Eng'g v. Univ. of Cal., Los Angeles*, 858 F.2d 1394, 1396 (9th Cir.

2  1988); *see also Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985) (holding

3  that Art. III, § 5 of the California Constitution did not constitute a waiver of

4  California's Eleventh Amendment immunity).  Furthermore, Congress has not

5  abrogated State sovereign immunity against suits under 42 U.S.C. § 1983.

6      Here, Plaintiffs' first three claims all allege Section 1983 violations.  In grounds

7  one and two, Plaintiffs purport to be asserting a violation of the Second Amendment

8  and violation of the Due Process Clause of the Fourteenth Amendment.  Because

9  Section 1983 is the exclusive remedy for asserted violations of the U.S. Constitution,

10  these claims shall be construed under the umbrella of Section 1983.  *See Bank of Lake*

11  *Tahoe v. Bank of America*, 318 F.3d 914, 917 (9th Cir. 2003) (en banc) ("a litigant

12  complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983")

13  (citing *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992));

14  *see also Martinez v. City of Los Angeles*, 141 F.3d 1373, 1382 (9th Cir. 1998).

15      Further, since Section 1983 "'is not itself a source of substantive rights,' but

16  merely provides 'a method for vindicating federal rights,'" Plaintiffs' third ground for

17  relief, alleging a violation of Section 1983 based on the contentions articulated in

18  grounds one and two, is duplicative of their first two grounds for relief.  *See Albright v.*

19  *Oliver*, 510 U.S. 266, 271 (1994) (citation omitted); *see also Cholla Ready Mix, Inc. v.*

20  *Civish, BLM*, 382 F.3d 969, 978 (9th Cir. 2004).  Plaintiffs have failed to demonstrate

21  that the Eleventh Amendment immunity does not apply to these claims.  As such,

22  Plaintiffs' Section 1983 claims against Defendants, State agencies, are barred by the

23  Eleventh Amendment.  *See Will*, 491 U.S. at 64-66.

24      Likewise, Plaintiffs' claims in grounds four through six, premised on state law

25  violations, are equally barred under the Eleventh Amendment, regardless of pendent

26  jurisdiction.  *See Pennhurst*, 405 U.S. at 117, 120-21; *Cholla*, 382 F.3d at 973.

27      Accordingly, Plaintiffs' Complaint is barred by the Eleventh Amendment.

28      B.   Plaintiffs' Claims Are Barred by the Statute of Limitations

5

Defendants also contend that Plaintiffs' claims are time barred on their face. (*See* Mot. at 8.)  The Court concurs.

Federal civil rights claims are subject to the forum state's statute of limitations applicable to personal injury claims.  *See Wilson v. Garcia*, 471 U.S. 261, 279-80 (1985); *see also Owens v. Okure*, 488 U.S. 235, 250 (1989).  Thus, federal civil rights claims arising in California after *Wilson* are subject to California's two-year statute of limitations period set forth in California Code of Civil Procedure section 335.1.  *See Pesnell v. Arsenault*, 543 F.3d 1038, 1043 n.4 (9th Cir. 2008) (as amended).

Federal law, however, determines when a claim accrues, and when the applicable limitations period begins to run.  *See Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991); *Gibson v. United States*, 781 F.2d 1334, 1340 (9th Cir. 1986).  A cause of action accrues under federal law when the plaintiff has "a complete and present cause of action"; that is, when "the plaintiff can file suit and obtain relief." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (citations omitted).  A cause of action accrues even though the full extent of the injury may not then be known or predictable. *Id.* at 391.

Here, even accepting as true the allegations in the Complaint, the conduct giving rise to Plaintiffs' claims occurred on October 6, 2001, when Plaintiffs were allegedly detained and their guns confiscated.  (*See* Compl. at 2-3.)  At that time, Plaintiffs should have been aware of the existence and source of the "injury" and could have filed suit on that date or reasonably thereafter.  But because the action was not filed until October 30, 2009 – more than eight years later – Plaintiffs' Section 1983 claims are grossly belated and time barred.

In their Response, Plaintiffs attempt to resurrect their time-barred claims by vaguely alleging that the statute of limitations was tolled because Defendants' refusal to return the guns for seven years constituted a continuous violation.  (Resp. at 4.) Plaintiffs' claims are conclusory.  Plaintiffs made no explicit showing that the continuing violation doctrine should apply.  Plaintiffs make no specific factual

allegations regarding continuing wrongful conduct as opposed to merely "continual ill effects" from the allegedly wrongful conduct many years earlier.

In order to invoke the continuing violation doctrine, a plaintiff must show a "systematic policy or practice" that operated, in part, within the limitations period. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 107 (2002). "A continuing violation is occasioned by continual unlawful acts, not by continual ill effects from an original violation." *Ward v. Caulk*, 650 F.2d 1144, 1147 (9th Cir. 1981); *see also Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) (repeated denials of access to inmates did not implicate continuing violation doctrine because subsequent denials were merely the continuing effect of original suspension); *McDougal v. County of Imperial*, 942 F.2d 668, 674-75 (9th Cir. 1991).

Plaintiffs' claims that their property was not returned for seven years is functionally a claim that they continued to suffer an adverse impact from the much earlier confiscation in 2001. The subsequent refusals do not amount to discrete continuing violations. As such, the continuing violation doctrine is inapplicable and the statute of limitations bars Plaintiffs' Section 1983 claims.

Likewise, Plaintiffs' state law claims are also barred by the applicable statute of limitations. Plaintiffs' defamation and negligent infliction of emotional distress claims both arise out of the incident on October 6, 2001. California Code of Civil Procedure section 340(c) establishes a one-year period for defamation claims. For purposes of the negligent infliction of emotional distress claim, California Code of Civil Procedure section 335.1 establishes a two-year statute of limitations for a cause of action based on the wrongful act or neglect of another. Again, as the Complaint was not filed until October 2009, these claims are both time barred.

Finally, entrapment is only a defense, not an affirmative cause of action. *See People v. Walker*, 47 Cal. 3d 605, 629 (1989). Regardless, even applying the one-year limitation period for false imprisonment, (*see* Cal. Civ. Proc. Code § 340(c)), or the four-year catch-all limitation period, (*see* Cal. Civ. Proc. Code § 343), Plaintiffs'

1  entrapment claim is time barred.

2        C.      Plaintiffs Failed to Allege a Statutory Basis for the State Law Claims

3        Finally, Defendants argue that Plaintiffs' state law causes of action fail to allege

4  any specific statutory basis for public agency liability as required under California

5  Government Code section 815.  (Mot. at 9.)  Section 815 provides:  "Except as

6  otherwise provided by statute:  (a) A public entity is not liable for an injury, whether

7  such injury arises out of an act or omission of the public entity or a public employee or

8  any other person."[2]  The California Supreme Court has held that direct tort liability of

9  public entities must be based on a *specific statute* declaring them to be liable, or at

10 least creating some specific duty of care.  *Eastburn v. Reg'l Fire Prot. Auth.*, 31 Cal.

11 4th 1175, 1182 (2003).  Thus, in order to state a claim against Defendants, Plaintiffs

12 must "specifically allege the applicable statute or regulation" giving rise to a

13 mandatory duty on the part of Defendants, the violation of which was a proximate

14 cause of their claimed injuries.  *Brenneman v. State of California*, 208 Cal. App. 3d

15 812, 817 (1989).  Plaintiffs have failed to assert such statutes.

16       In their Response, Plaintiffs admit there is no statutory basis for either the

17 entrapment or negligent infliction of emotional distress claims.  (Resp. at 2.)  In order

18 to save their defamation claim, Plaintiffs refer to California Civil Code section 46

19 governing slander claims.  (*Id.* at 3.)  While Section 46 does not specifically refer to

20 public entity liability, Section 815 does not require this.  Under Section 815, liability is

21 deemed 'provided by statute' if a statute defines the tort in general terms.  *See Levine*

22 *v. City of Los Angeles*, 68 Cal. App. 3d 481, 487 (1977).  California Government Code

23 section 815.2(a) provides that "[a] public entity is liable for injury proximately caused

24 by an act or omission of an employee of the public entity within the scope of his

25 employment if the act or omission would, apart from this section, have given rise to a

26 cause of action against that employee."  Public employees are liable for injuries caused

27

28       [2] "Public entity" includes public agencies.  Cal. Gov't Code § 811.2

by their acts or omissions to the same extent as private individuals. Cal. Gov't Code § 820.  "A public entity, as the employer, is generally liable for the torts of an employee committed within the scope of employment if the employee is liable."  *Thomas v. City of Richmond*, 9 Cal. 4th 1154, 1157 (1995) (citations omitted).

However, public entities are immune from tort liability for any acts done by their employees in preparation for formal judicial or administrative proceedings, including investigations of alleged wrongdoing and for acts done to institute and prosecute formal proceedings.  *Hansen v. Cal. Dep't of Corr. & Rehab.*, 171 Cal. App. 4th 1537, 1547 (2008); *see also* Cal. Gov't Code §§ 815.2(b) (immunity for acts of an employee of a public entity) & 821.6 (immunity for preparing judicial and administrative proceedings).

Based on the facts alleged in the Complaint, Defendants are immune from liability because the prosecution process was implicated.  Plaintiffs were detained as a result of an investigation relating to unlawful gun sales.  And Plaintiffs have not adequately demonstrated otherwise.  *See Cappuccio, Inc. v. Harmon*, 208 Cal. App. 3d 1496, 1498 (1989) (public entity immune from libel and slander for statements made during the prosecution process).

# V.

## LEAVE TO AMEND

The Court must construe *pro se* pleadings liberally, "particularly where civil rights claims are involved."  *Balistreri*, 901 F.2d at 699.  However, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled."  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).  Accordingly, *pro se* litigants must be given leave to amend unless it is absolutely clear that the deficiencies in a complaint cannot be cured.  *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).  While Plaintiff's Complaint here appears to be plagued with a number of fatal infirmities, this Court is still unable to determine

1   whether amendment to the Complaint would be entirely futile and, therefore, leave to

2   amend is granted in an abundance of caution.

3          By September 30, 2010, Plaintiff may submit an amended complaint to cure, if

4   possible, the deficiencies discussed above.  If Plaintiff chooses to file an amended

5   complaint, it must comply with the Federal Rules of Civil Procedure.  Conclusory

6   allegations that a defendant has violated a constitutional right are not acceptable and

7   will be dismissed.  Plaintiff must clearly designate on the face of the document that it

8   is the "First Amended Complaint," and it must be retyped in its entirety.

9          The First Amended Complaint may not incorporate any part of the original

10  Complaint by reference.  The First Amended Complaint may not add new claims or

11  defendants that were not involved in the conduct, transactions, or occurrences set forth

12  in the original Complaint.  Fed. R. Civ. P. 15(c).  Any amended complaint supercedes

13  the original Complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), cert.

14  denied, 506 U.S. 915 (1992).  After amendment, the Court will treat the original

15  Complaint as nonexistent.  *Id.*  Any claim that was raised in the original Complaint is

16  waived if it is not raised again in the First Amended Complaint.  *King v. Atiyeh* , 814

17  F.2d 565, 567 (9th Cir. 1987).

18         If Plaintiff fails to file a First Amended Complaint by September 30, 2010

19  and/or such First Amended Complaint fails to comply with the requirements set forth

20  in this Memorandum and Order, the Court may recommend that this action be

21  dismissed with prejudice.

22         IT IS SO ORDERED.

23  DATED:  August 31, 2010

24  _____

25                    Hon. Jay C. Gandhi
                United States Magistrate Judge

26

27

28

10